# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ICG BECKLEY, LLC,**
**Employer Below, Petitioner**

**FILED**
**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-326**        (JCN: 2022002109)

**ARTHUR DAVIS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner ICG Beckley, LLC ("ICG") appeals the November 23, 2022, order of the Workers' Compensation Board of Review ("Board") reversing multiple orders of the claim administrator. Respondent Arthur Davis filed a timely response.[1] ICG did not file a reply.

The issues on appeal are whether the Board erred in reversing the following: 1) the claim administrator's order dated October 21, 2021, that denied a request for transforaminal epidural injections at L5-S1, and bilateral medial branch nerve blocks at L3-S1; 2) the claim administrator's order dated October 25, 2021, that denied a request for a brace; 3) the claim administrator's order dated March 1, 2022, that closed the claim for temporary total disability ("TTD") benefits; and 4) the claim administrator's order dated March 18, 2022, that denied a request to add radiculopathy, lumbosacral region, as a compensable condition in the claim.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For

---

[1] Petitioner is represented by Charles R. Bailey, Esq., John P. Fuller, Esq., and Celeste E. Webb, Esq. Respondent is represented by Reginald D. Henry, Esq. and Lori J. Withrow, Esq.

[2] ICG does not appeal the following issues: 1) the Board's affirmation of the claim administrator's order dated September 30, 2021, denying a request to add lumbar intervertebral disc syndrome and lumbosacral intervertebral disc syndrome as compensable conditions in the claim; 2) the Board's reversal of the claim administrator's order dated February 18, 2022, denying authorization for physical therapy; or 3) the Board's dismissal of Mr. Davis' protest to the claim administrator's order dated March 15, 2022, denying a request to reinstate TTD benefits, as moot.

these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Davis, a scoop operator for ICG, injured his low back on July 23, 2021, when he ran over a large rock while operating a piece of equipment. By order dated August 10, 2021, the claim administrator held the claim compensable for sprain of ligaments of the lumbar spine, and granted TTD benefits from July 26, 2021, through Mr. Davis' release to return to work.

On August 23, 2021, Rocky Sexton, D.C., completed a Diagnosis Update requesting that lumbosacral sprain/strain, lumbar intervertebral disc syndrome, and lumbosacral intervertebral disc syndrome be added as compensable conditions in the claim. On October 6, 2021, Rajesh V. Patel, M.D., an orthopedic spine surgeon, examined Mr. Davis. Based on a review of a lumbar MRI and X-rays from August 3, 2021, Dr. Patel noted a disc protrusion at L5-S1 with lateral recess narrowing due to the protrusion and S1 nerve root impingement. Dr. Patel recommended medial branch blocks and epidural injections to treat Mr. Davis' back pain that chiropractic treatment had not resolved. Dr. Patel also recommended a back brace to provide support, improve posture, and reduce motion in order to reduce pain. In addition to these treatments, Dr. Patel recommended a continuation of physical therapy with chiropractic options. The assessment from the visit included lumbar disc herniation at L5-S1 on the right, S1 radiculopathy on the right, lumbar facet sprain, lumbar sprain, lumbar disc desiccation at L5-S1, and lumbar disc protrusion on the left at L4-L5.

By order dated September 30, 2021, the claim administrator denied the request to add lumbar intervertebral disc syndrome and lumbosacral intervertebral disc syndrome as compensable conditions in the claim. The order was based on an independent medical evaluation ("IME") by Prasadarao B. Mukkamala, M.D., dated September 22, 2021.[3] Mr. Davis protested this order.

On October 21, 2021, the claim administrator denied Dr. Patel's request for transforaminal epidural injections at L5-S1 and S1, and bilateral medial branch nerve blocks at L3-S1 based on a physician advisor decision dated October 21, 2021. In this medical review report, Cyrus Kao, M.D., recommended that the claim administrator deny the request for injections as the Official Disability Guidelines do not recommend injections for back pain without radicular symptoms. Dr. Kao also determined that the medial branch nerve blocks were being used to treat facet pain, although imaging of Mr. Davis' lumbar spine did not reflect a large component of facet disease. Mr. Davis protested the claim administrator's order.

---

[3] Dr. Mukkamala's IME report dated September 22, 2021, is not included in either party's Appendix before this Court, but was included in the Board's record.

On October 25, 2021, the claim administrator issued an order denying authorization for a brace based on Dr. Mukkamala's report dated September 22, 2021. Mr. Davis protested this order.

On January 25, 2022, Dr. Mukkamala examined Mr. Davis for the allowed condition of a lumbar sprain. Dr. Mukkamala admitted that the MRI revealed a lumbar disc herniation/disc protrusion and disc desiccation. However, he contended that these findings were related to preexisting and degenerative spondyloarthropathy rather than to the work injury. Although he admitted that Mr. Davis did not experience back pain until the injury, Dr. Mukkamala asserted that the disc herniation was preexisting, and was not causally related to the soft tissue injury that resulted when Mr. Davis ran over a rock in a scoop. Further, Dr. Mukkamala opined that no further treatment was required for the compensable injury, and that Mr. Davis was at maximum medical improvement ("MMI"). A three percent whole person impairment was calculated for the compensable injury. Finally, Dr. Mukkamala determined that Mr. Davis was capable of returning to work with no restrictions.

On March 1, 2022, the claim administrator closed the claim for TTD benefits.[4] Mr. Davis protested this order.

By order dated March 18, 2022, the claim administrator denied Dr. Patel's request to add L5-S1 protrusion/herniation on the right and radiculopathy lumbosacral region as compensable conditions in the claim. The claim administrator's determination was based on Dr. Mukkamala's IME report dated September 22, 2021.

On March 23, 2022, Dr. Patel expressed his disagreement with Dr. Mukkamala's recent finding that Mr. Davis was at MMI. Dr. Patel explained that epidural injections, which had been denied, work best if performed in a timely fashion.

---

[4] Although ICG appeals the Board's reversal of the claim administrator's orders dated October 25, 2021, and March 1, 2022, denying a brace, and closing the claim for TTD, respectively, it did not include either order in its Appendix. The Board's order failed to provide the basis the claim administrator gave for its orders. ICG alleges that the brace was denied based on a report by Dr. Mukkamala dated September 22, 2021, which ICG also failed to include in its Appendix. Further, ICG asserts that TTD benefits were terminated based on Dr. Mukkamala's finding on January 25, 2022, that Mr. Davis was at MMI. Dr. Mukkamala's report from that IME is in ICG's Appendix. Having no reason to doubt ICG's assertions regarding the claim administrator's basis for its orders, it is not necessary to supplement the record in this appeal. However, in the future, the Board should include in its order the basis given by the claim administrator for its order, and parties are advised to ensure their Appendices are complete.

On May 9, 2022, Christopher Martin, M.D., authored a medical review report in which he stated that the mechanism of the injury was consistent with a lumbar sprain/strain. Dr. Martin opined that the disc protrusions at L4-L5 and L5-S1 did not result from the workplace injury and that Mr. Davis' physical findings did not support a diagnosis of radiculopathy. Dr. Martin also determined that no further treatments were required for the compensable injury.

In a letter dated July 28, 2022, Dr. Patel noted that Mr. Davis had described low back pain with right leg numbness and weakness since the work injury. Further, Dr. Patel commented that a lumbar MRI revealed a disc protrusion at L5-S1 with S1 nerve root impingement with a minimal amount of desiccation, but showed the L4-L5 disc was well preserved. Dr. Patel correlated Mr. Davis' clinical symptoms with the MRI findings, noting that the symptoms were consistent with an acute L5-S1 disc protrusion and radiculopathy. Importantly, Dr. Patel observed that until the injury, Mr. Davis was performing heavy work without difficulty and he did not seek treatment for his lower back until after the injury. Thus, Dr. Patel determined that the workplace injury most likely caused the disc protrusion and radiculopathy. Alternatively, Dr. Patel asserted that if the L5-S1 disc protrusion was preexisting, the work injury caused the active radiculopathy on the right side. Thus, Dr. Patel opined that in either scenario, the diagnoses of S1 radiculopathy and L5-S1 disc protrusion should be ruled compensable. Further, he asserted that treatment, including injections, physical therapy, and possibly surgery, should be covered in the claim.

Mr. Davis testified in a deposition on July 6, 2022, that he was forty-five years old and to the best of his knowledge, prior to July 23, 2021, he had never suffered a lumbar spine injury, nor had he undergone any diagnostic testing of his lumbar spine.[5] According to Mr. Davis, he was injured while operating a scoop with a canopy or top that was too low for him to sit straight up. Thus, he was in a bent-over position, "sitting on the bottom of [his] back." Mr. Davis testified that he ran over a rock approximately twelve or fourteen inches high, which caused him to be thrown around inside the cab, causing him immediate back pain.

On November 23, 2022, the Board reversed the claim administrator's orders dated October 21, 2021, and October 25, 2021, and authorized the request for transforaminal epidural injections at L5-S1, bilateral medial branch nerve blocks at L3-S1 and a brace. The Board also reversed the claim administrator's order dated March 1, 2022, and reinstated TTD benefits as of the date they were suspended. The claim administrator's order dated March 18, 2022, was reversed in part, such that radiculopathy lumbosacral region was ruled compensable by the Board, and the order was affirmed, in part, insofar as it denied lumbosacral protrusion/herniation.

_____

[5] The Board's order failed to provide any discussion about Mr. Davis' testimony, although, in relevant part, he elaborated on the circumstances of his injury and confirmed that he had no prior lumbar injury or treatment.

4

The Board determined that Mr. Davis did not have prior injuries, symptoms, or treatment of his lumbar spine until the workplace injury occurred. Thus, the Board determined that lumbar radiculopathy did not preexist the workplace injury and the condition was a discrete new injury. On the other hand, the Board determined that the disc herniation and bulges at L3-L4, L4-L5, and L5-S1 preexisted the injury and were not causally related to it. With respect to treatment, the Board determined that the epidural injections, medial branch blocks, back brace, and physical therapy were treatments that were medically related and reasonably required for the compensable injury. Further, the Board found that the claim administrator incorrectly terminated TTD benefits based on Dr. Mukkamala's placement of Mr. Davis at MMI on January 25, 2022, which failed to consider the compensable condition of lumbosacral radiculopathy. The Board also noted that on March 23, 2022, Dr. Patel disagreed with Dr. Mukkamala's opinion that Mr. Davis had reached MMI. ICG now appeals the Board's order except for the rulings noted in footnote two of this decision.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, ICG argues that the Board was clearly wrong in reversing the claim administrator's orders and awarding diagnoses and treatments that were unrelated to the compensable injury. ICG contends that the radiculopathy of the lumbosacral region was properly denied by the claim administrator's order dated March 18, 2022. Specifically, ICG contends that Dr. Mukkamala indicated in his January 25, 2022, report that the MRI revealed preexisting degenerative spondyloarthropathy, a condition that was unrelated to the compensable injury. ICG also asserts that it is only responsible for providing treatment

related to compensable injuries and that the transforaminal epidural injections, bilateral medial branch blocks, and brace were treatments for preexisting degenerative disc disease and not the work-related lumbar sprain/strain. Additionally, ICG argues that Dr. Mukkamala determined Mr. Davis was at MMI and required no further treatment for the compensable injury. Lastly, ICG argues that Mr. Davis was not entitled to TTD benefits after Dr. Mukkamala placed him at MMI.

After review, we conclude that the Board was not clearly wrong in finding lumbar radiculopathy to be a compensable diagnosis in the claim as Mr. Davis did not have a prior history of low back symptoms or treatment, and radiculopathy was a distinct new injury. *See* Syl. Pt. 3, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016). Further, we find that the Board was not clearly wrong in ruling that the treatments were medically related and reasonably required for the compensable injury and that the claim should not have been closed for TTD benefits because it had not been correctly determined that Mr. Davis was at MMI for radiculopathy.

Finding no error in the Board's November 23, 2022, order, we affirm.

Affirmed.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen